## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATASHA HARMUTH, | : |
|         Plaintiff, | : |
| | |
|      v. | : Civil Action No.: |
| | |
| SOLOMON & SOLOMON, P.C., | : |
| JANE DOE; | : |
| VERIZON, | : |
|         Defendants. | : |

## COMPLAINT

**A.**   **Jurisdiction and Venue**

1.      Jurisdiction arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1337(a), together with the pendent jurisdiction of the court.  Supplemental jurisdiction over Plaintiff's state law claims is granted by 28 U.S.C. § 1367(a). Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

2.      Venue lies in this judicial district in that the events which gave rise to this claim occurred here and the property which is the subject of the action is situated within this district.

**B.**   **Parties**

3.      Plaintiff Natasha Harmuth is a natural person who resides at 201 S Deerwood Dr, West Chester, PA 19382.

4.      Upon information and belief, Defendant, Solomon & Solomon, P.C. ("Law firm") is a business entity duly organized and existing under Pennsylvania law with a principle place of business at Five Columbia Circle, Albany, New York 12203 and conducts substantial and continuous business within this judicial district.  Law Firm regularly attempts to collect debts alleged to be due another and is a debt collector as defined by 15 U.S.C. §1692a(6).

5.      Defendant Jane Doe is a female natural person using the legal or dunning name of "Marion" employed by Defendant Law Firm as collection agents and are each a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6.      Defendant Verizon is a Delaware Corporation with principal offices at 500 Technology Dr., Suite 300, Weldon Spring, MO 63304.

7.      At all times herein, Defendant Jane Doe acted within the knowledge, training, and direction of Law Firm.

C.      **Factual Allegations**

8.      Prior to the events hereinafter described, plaintiff had incurred a debt with Verizon which she had satisfied prior to the collection activity described herein ["the alleged debt"].

9.      On or about August 8, 2011, after receiving an initial phone call from Law Firm to collect the alleged debt, plaintiff faxed a copy of the Verizon account history to Law Firm showing the alleged debt was paid.

10.     On or about October 27, 2011, plaintiff received a collection letter from Law Firm seeking $514.25 towards the alleged debt.

11.     On or about October 27, 2011, at approximately 3:30 pm, plaintiff received a collection phone call from Jane Doe from 877-803-1942

12.     In the aforesaid phone call, plaintiff advised that the alleged debt was paid and that she would like to dispute the collection accordingly.

13.     Jane Doe replied, yelling loudly, not to bother disputing the debt and to "just pay

it".

14.      When plaintiff again attempted to ask her in a civil tone how to resolve the issue, Jane Doe again stated "you can't dispute it, it's already in collections, just pay it" and hung up on plaintiff while plaintiff was still talking to Jane Doe.

15.      Plaintiff has suffered actual damages from the conduct of defendants in the form of emotional distress, worry, and frustration, among other negative emotions.

16.      The actions of defendants as before described were reckless, outrageous, willful, and outside the boundaries of civilized conduct.


**D.      Cause of Action**

**VIOLATIONS OF THE FDCPA**

17.      The allegations above are re-alleged and incorporated herein by reference.

18.      At all times relevant hereto Defendants were attempting to collect an alleged debt to its client which was incurred for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

19.      Defendants' phone calls were a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

20.      Defendants, by their conduct as described above, violated the FDCPA as follows:

   a) §1692d, By its phone calls having engaged in conduct the natural consequence of which is to oppress or abuse a person;

   b) §1692d(2), By its phone calls having used language the natural consequence of which is to abuse the hearer;

   c) §1692f, By unfairly and unconscionably collecting to attempting to collect the debt.

3

## COUNT II – EQUITY

21.     Plaintiff re-alleges all prior paragraphs as if set forth fully herein.

22.     Plaintiff demands equitable relief in the form of defendant Verizon being ordered to delete reporting of the tradeline for the alleged debt in her credit report.

## COUNT III.
## VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT(FCEUA)
## 73 P.S. § 2270.1 et. seq.
## AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER
## PROTECTION LAW (UTPCPL)
## 73 P.S. § 201-1 et. seq.

23.     Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.     Defendant Verizon is a "creditor" as defined by 73 P.S. § 2270.3 of the FCUEA.

25.     Plaintiffs are "consumers" as defined by 73 P.S. § 2270.3 of the FCUEA.

26.     All of the above contacts by Defendants were "communications" relating to a debt as defined by 73 P.S. § 2270.3 of the FCUEA.

27.     The foregoing acts and omissions of Defendant Verizon reporting a debt plaintiff had already paid constitutes numerous and multiple violations of the FCEUA and UTPCPL, including but not limited to 73 P.S. § 2270.4(b)(5) and (6), as evidenced by the following conduct:

a)  The use of false, deceptive or misleading representations or means in connection with the collection of a debt;

b)  Making false, deceptive, or misleading representations with regard to the character, amount or legal status of the alleged debt;

4

    c) The use of false representation or deceptive means to collect a debt or obtain information about a consumer;

    d) The use of unfair or unconscionable means to collect or attempt to collect an alleged debt;

    e) Attempting to collect any amount not authorized by agreement or permitted by law.

28.    Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law with the purpose of coercing Plaintiffs to pay the debt.

29.    As a result of the above violations of the FCUEA and UTPCPL, Plaintiffs have suffered ascertainable losses entitling them to an award of statutory, actual and treble damages and attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for relief against the Defendants for the following:

    A.  Statutory damages pursuant to 15 U.S.C. § 1692k;

    B.  Actual damages for emotional distress suffered as a result of the FDCPA violations in an amount to be determined at trial;

    C.  Reasonable attorney fees and costs.

D.  An order declaring that the Defendants' actions as described above are in violation of the FCEUA and the UTPCPL;

E.  An order directing defendant to correct reporting of the alleged debt;

F.  for an award of actual damages pursuant to 73 P.S.§ 201-9.2(a) against each and every

Defendant;

G.  for an award of statutory damages pursuant to 73 P.S.§ 201-9.2(a) against each and every

Defendant;

H.  for an award of treble damages pursuant 73 P.S.§ 201-9.2(a) against each and every

Defendant;

I.  for an award of costs of litigation and reasonable attorney's fees pursuant to 73 P.S.§ 201-

9.2(a)


## TRIAL BY JURY

26.     Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const.

amend. 7. Fed. R. Civ. Pro. 38.


Dated: November 3, 2011                     RC 935
                                            ROBERT P. COCCO, P.C.
                                            Attorney for Plaintiff
                                            By:  Robert P. Cocco, Esquire
                                            Pa. Id. No. 61907
                                            1500 Walnut Street, Suite 900
                                            Philadelphia, PA 19102
                                            (215) 351-0200